**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 14-1418

UNITED STATES OF AMERICA

v.

BAWER AKSAL,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2:12-cr-00577-001)
District Judge: Honorable Jose L. Linares

Submitted under Third Circuit LAR 34.1(a)
on November 13, 2015

Before: CHAGARES, RENDELL, and BARRY, Circuit Judges

(Opinion filed: December 16, 2015)

# O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Bawer Aksal was convicted in the District of New Jersey of having sexually assaulted a woman on a commercial airplane in flight. The victim, who used the pseudonym "Susan Thomas" throughout the trial, was a stranger to Aksal. **A54;** *see* **A69.** She fell asleep on the cross-country flight seated in the window seat next to Aksal who sat in the middle seat. *See* **A64-66, 101.** As she slept, Aksal touched her breasts and used his fingers to penetrate her vagina and anus. *See* **A101-102.** Aksal was convicted of two criminal counts for this conduct, which occurred in the special aircraft jurisdiction of the United States, *see* 49 U.S.C. § 46501 *et seq.*: (1) knowingly engaging in a sexual act with Thomas while knowing her to be incapable of appraising the nature of the conduct, or physically incapable of declining participation in that sexual act, or incapable of communicating her unwillingness to engage in the sexual conduct in violation of 18 U.S.C. § 2242(2) and 49 U.S.C. § 46506; and (2) knowingly engaging in sexual contact with Thomas without Thomas's permission, and with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506. *See* **A4, A24-25.** Aksal was sentenced to 97 months imprisonment. **A5.**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Aksal appeals his conviction and sentence, arguing that (a) newly discovered evidence shows that Thomas committed perjury and the government misled the jury; (b) the evidence presented was insufficient to sustain the conviction; (c) the jury instructions were erroneous; (d) the District Court erred in admitting testimony that Thomas was a heavy sleeper; (e) his 97-month sentence was improperly imposed; and (f) his lawyer was ineffective in not providing professional advice about whether to accept a plea bargain. We affirm Aksal's conviction.

## DISCUSSION[1]

### (a) Newly Discovered Evidence

Aksal asks the Court to take judicial notice that Thomas has, more than a year after the criminal trial, filed a civil lawsuit against Aksal and United Airlines. He argues that this newly discovered evidence demonstrates that Thomas and the government misrepresented Thomas's intentions to file a civil lawsuit regarding the incident.

Aksal's argument must be presented in the first instance to the District Court in a motion under Federal Rule of Criminal Procedure 33. *See United States v. Lowell*, 649 F.2d 950, 966 (3d Cir. 1981). Because Aksal has not so presented this argument to the District Court, we decline to reach his argument on appeal.

### (b) Sufficiency of the Evidence

---

[1] The Court has jurisdiction under 28 U.S.C. § 1291 to hear Aksal's challenge to his conviction and under 18 U.S.C. § 3742(a) to hear Aksal's challenge to his sentence.

Aksal argues that there was insufficient evidence that he knew Thomas to be asleep and thereby incapable of appraising the nature of, declining participation in, or communicating her unwillingness to engage in, the sexual conduct perpetrated by Aksal.

We exercise plenary review over challenges to the sufficiency of the evidence, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. *Burks v. United States*, 437 U.S. 1, 16-17 (1978). The verdict is upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

Here, there was sufficient evidence to support Aksal's conviction. In addition to Thomas's testimony that she was asleep, the jury also heard testimony from a nearby passenger that he observed Thomas sleeping at the time of the contact. **A115-16.** The jury could draw the reasonable inference that if a nearby passenger knew Thomas to be asleep, Aksal also knew her to be asleep.

Aksal also argues that there was insufficient evidence that he acted with an intent to arouse or gratify his sexual desire. This argument likewise lacks merit. The jury could infer from Aksal's conduct that he intended to arouse or gratify his sexual desire, an inference made all the more likely by Thomas's testimony that when she awoke and found herself under assault by Aksal, Aksal pulled her closer and whispered "kiss me." A71.

**(c) Jury Instruction**

On count one (sexual contact with an individual incapable of appraising the nature of the act or of declining participation), the District Court instructed the jury that "[i]f you find beyond a reasonable doubt that the victim was asleep at the time that the defendant allegedly sexually abused her, then the Government has met the burden of proof as to [the element of whether the victim was incapable of appraising the nature of the sexual conduct, or was physically incapable of declining participation in the conduct, or was incapable of communicating her unwillingness to engage in the conduct]." A389.

Aksal argues that this instruction, which he had agreed to, was erroneous because it "directs a verdict for the prosecution on an essential element of the offense." Brief of Appellant at 38. The government concedes that the District Court should have phrased its instruction as a permissive presumption rather than a mandatory one, but argues that (a) the instruction was "invited error" as the Court used the instructions agreed upon by the parties; and (b) regardless, any error was harmless, as "it is difficult, if not impossible, to imagine a situation in which a sleeping individual can or did consent to engage in a sexual act." *See* Brief of Appellee at 36.

Under the invited error doctrine, Aksal has waived his ability to challenge the instructions that he agreed to. *United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008), *as amended* (June 19, 2008). Moreover, even if the Court were to review the instructions, it would do so under the "plain error" standard of review, which requires Aksal to demonstrate, among other things, that the error affected the outcome of the District Court proceedings. *See United States v. West Indies Tranport, Inc.*, 127 F.3d 299, 305 (3d Cir. 1997). Aksal cannot do so here. The evidence supporting the determination

5

that Thomas was incapable of consenting and did not consent is compelling. Moreover, the jury was properly instructed on count two (knowingly engaging in sexual contact with the victim without the victim's permission), and, in reaching a guilty verdict on that count, the jury determined that Thomas did not give her consent for the sexual contact.

**(d) Evidence of Thomas's Sleeping Habits**

The District Court admitted testimony from Thomas's close friend, Anca Martinez, that Thomas was a heavy sleeper. Martinez testified that she stayed overnight at Thomas's home "once every couple of days." A364. Martinez also shared lodging with Thomas on a five-day trip to the Grand Canyon. Martinez testified that Thomas was a heavy sleeper who would regularly sleep through her alarms and needed to be physically shaken to wake up. **A364.** Aksal contends that the District Court erred in admitting this testimony because (a) Ms. Martinez's observations of Thomas's sleeping habits were limited in number; and (b) whether a person is a heavy sleeper in a bed is not necessarily probative of whether a person is a heavy sleeper on a plane.

"A district court's ruling admitting witness testimony is reviewed for abuse of discretion." *United States v. Bryant*, 655 F.3d 232, 251 (3d Cir. 2011). Relevant evidence is admissible unless a rule of evidence provides for its exclusion. *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir. 1996). Evidence is relevant if it has "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence" Fed R. Evid. 401.

We find no error in admitting this testimony. It is relevant because it tends to make more likely Thomas's account that she did not wake until after Askal had penetrated her

6

anus with his thumb. No rule of evidence provides for its exclusion. Indeed, it qualifies as opinion testimony by a lay witness under Federal Rule of Evidence 701, as the testimony is "rationally based on [Martinez's] perception," is "helpful to . . . determining a fact in issue," and is "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

**(e) Sentence**

Aksal argues that the 97-month sentence imposed upon him was "a violation of the principle of parsimony," Appellant's Brief 39, because the District Court did not "explain why [it] believed that 97 months was not greater than necessary to comply with the purposes of sentencing," Appellant's Brief 41. Aksal also argues that his sentence "was a penalty for exercising the right to a jury trial," as the government had initially offered him a plea deal which would have resulted in no prison time. *Id.* These arguments lack merit.

We review Aksal's "sentence for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). "In order for a sentence to be reasonable, the record must demonstrate that the sentencing court gave meaningful consideration to these factors." *Id.* at 543 (quotation marks omitted). "In addition to demonstrating that it gave meaningful consideration to the § 3553(a) factors, a sentencing court must demonstrate that it reasonably applied those factors to the circumstances of the case." *Id.*

The record demonstrates that the District Court undertook a thorough and meaningful analysis of the sentencing factors under 18 U.S.C. § 3553 and properly

imposed a bottom-of-the-guidelines sentence. *See* A462-74. Although the District Court did not specifically state that it was imposing the minimum sentence necessary to achieve the purposes of § 3553, there is no requirement that the District Court do so. *See United States v. Dragon,* 471 F.3d 501, 506 (3d Cir. 2006) ("[D]istrict judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2).").

Aksal was offered a plea deal that would have resulted in no prison time because Thomas was initially reluctant to testify at trial. ***See* A452.** Aksal rejected that plea deal. **A452.** There is no evidence that the District Court penalized Aksal for refusing to accept that offer. The District Court did ask counsel for the government whether the Court should consider when sentencing Aksal "that your office as the law enforcement branch was willing to make an offer where [Aksal] would walk without any time." A452-53. But it appears that the Court asked this question so as to consider whether a lesser sentence was appropriate in light of the earlier plea offer. The government argued that it would not be appropriate to consider the plea offer in setting a sentence, and there is no evidence that the District Court did so. ***See* A451-453.** Rather, the District Court imposed a bottom-of-the-guidelines sentence after considering the proper factors.

**(f) Ineffective Assistance of Counsel**

Finally, Aksal argues that his trial counsel was ineffective for failing to provide reasonable professional advice to accept the government's plea offer. "Defendants are not generally permitted to attack the efficacy of their counsel on direct appeal, though an exception will be made "[w]here the record is sufficient to allow determination of

8

ineffective assistance of counsel, [and thus] an evidentiary hearing to develop the facts is not needed." *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009) (quoting *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir. 1991)).

We decline to hear the ineffective assistance of counsel claim at this time.

## CONCLUSION

For the reasons discussed, we affirm Aksal's conviction.